**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-7327**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

THOMAS E. SMITH, JR., a/k/a Anthony Young,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge.  (1:07-cv-01135-TSE; 1:03-cr-00245-TSE-1)

---

Submitted:  October 15, 2009        Decided:  October 22, 2009

---

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Thomas E. Smith, Jr., Appellant Pro Se. Benjamin L. Hatch,
Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas E. Smith, Jr., seeks to appeal the district court's order treating his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C.A. § 2255 (West Supp. 2009) motion, and dismissing it on that basis.[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Smith has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

---

[*] The district court's finding that Smith's motion merely reiterated the claims raised in his original § 2255 was tantamount to a finding that the motion for reconsideration was a successive motion.

Additionally, we construe Smith's notice of appeal and informal brief as an application to file a second or successive motion under 28 U.S.C.A. § 2255. <u>United States v. Winestock</u>, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h) (West Supp. 2009). Smith's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

3